JOHN McNEARY, RESPONDENT, v. HERBERT D. CHASE, APPELLANT.

*Justice of the peace — jurisdiction of, over an action commenced by the issue of a summons and an order of arrest, not affected by the order being vacated — Code of Civil Procedure, secs.* 2877, 2901, 2902.

Where an action for a wrongful injury to personal property is commenced in a Justice's Court by the service of a summons returnable forthwith, accompanied by an order of arrest, the jurisdiction of the justice does not depend upon the sufficiency of the affidavit upon which the order of arrest was made, but upon the service of the summons, and it still remains though the order be set aside as improperly granted.

APPEAL from a judgment of the Saratoga County Court, affirming a judgment of a Justice's Court.

The action was brought to recover damages for wrongfully and maliciously over-driving and beating a horse and breaking and injuring a carriage, which plaintiff claimed resulted in damage to him in the amount of $125. Judgment was rendered against defendant for $102 damages and seven dollars costs.

The action was commenced by the service of a summons returnable forthwith, accompanied by an order of arrest, by virtue of which the defendant was arrested and brought before the justice the same day. The defendant, on being brought before the justice, objected to the regularity of the proceedings and the jurisdiction of the justice, on the ground that the affidavit upon which the order of arrest was granted was wholly insufficient, and on the further ground that the undertaking was insufficient. These objections were overruled by the justice, and the cause was tried and judgment rendered as above stated.

*Charles S. Lester*, for the appellant.

*L. Varney*, for the respondent.

LEARNED, P. J.:

The Code provides in section 2901 that a justice of the peace may set aside the order of arrest. This is a new power and one which, in this respect, makes a court of a justice of the peace simi-

lar to courts of general jurisdiction. The power to set aside the order of arrest implies that jurisdiction of the action remains after the order is set aside ; and that jurisdiction does not depend on the order or its being properly issued. This is made certain by the following section (2902), which expressly declares that the discharge of the defendant from arrest before judgment, as prescribed in the last section, does not affect the jurisdiction of the justice over the action, which must proceed as if it had been commenced in the ordinary manner. Here again the justices court is made similar to a court of general jurisdiction, in which an order of arrest may be set aside without affecting the jurisdiction. It is probably with this view that the new Code provides for the service of a summons with the order of arrest. (Sec. 2877.) Thus the order of arrest is made only ancillary to the process by which the action is commenced. Hence the order of arrest may be set aside, while the jurisdiction acquired by the service of the summons remains.

From these considerations it would seem that, whether or not the affidavit and undertaking were sufficient to authorize the order of arrest, yet the justice had acquired jurisdiction by the service of the summons. The defendant however urges that section 2902 only provides that the *discharge* of the defendant from arrest does not affect the jurisdiction ; but does not provide that the refusal to discharge the defendant shall have the same effect. Hence the defendant argues that, as the justice refused to discharge him from arrest, jurisdiction was lost and the action could not proceed. But this is plainly illogical. There is no reason why the justice should lose jurisdiction by refusing to discharge the defendant, when he would not lose it by discharging him. The plain meaning of all these sections is that the justice's jurisdiction does not depend on the validity of the order of arrest, but only on the service of the summons.

This new provision is excellent. It obviates the necessity of reversing a just judgment, merely for some little imperfection in the affidavit or undertaking, upon which an order of arrest was obtained.

Nothing has been said in the argument before us as to reversing the refusal to discharge the defendant from arrest, and leaving at the same time the judgment in force. We have therefore not examined that question. And it would seem to be unimportant.

Without meaning to indicate therefore that the affidavit was or was not insufficient, or the irregularity in the undertaking was or was not material, we think the justice had jurisdiction, for the reason above stated, and that the judgment should be affirmed with costs.

BOARDMAN and BOCKES, JJ., concurred.

Judgment affirmed, with costs.